UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RAYMOND A. RODRIGUEZ,

                Plaintiff,

    v.                                                **DECISION AND ORDER**
                                                            12-CV-340S

ALLSTATE INDEMNITY COMPANY,

                Defendant.

        1.        Plaintiff Raymond A. Rodriguez, a citizen of the State of New York, brought this action in New York Supreme Court on March 7, 2012, for breach of contract and declaratory judgment. (Notice of Removal Exhibit A, Docket No. 1-1, Summons p.1, Complaint, ¶¶ 1,15,22). Defendant Allstate Indemnity Company, an Illinois corporation with a principal place of business in Illinois, timely removed this action on April 19, 2012, on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a)(1). (Notice of Removal, Docket No. 1, ¶ 1,3,5). In his original complaint, Plaintiff sought at least $250,000 in compensatory damages and at least $500,000 in punitive damages. (Complaint, ¶ 15, Wherefore clause pp. 7-8). Pending before this court is Plaintiff's Amended Complaint, filed after removal, retaining only the breach of contract claim for damages in excess of $250,000. (Amended Complaint, Docket No. 31, ¶ 15).

        2.        Plaintiff moves to remand the case to state court, claiming that this Court lacks subject matter jurisdiction because, "[t]hrough the process of discovery, it has come to the attention of the Plaintiff that the matter does not exceed the requirements as set forth in 28 U.S.C. §1332." (Remand Memorandum, Docket No. 66-4, p. 4; Affidavit of Thomas P. Hurley, DN 66-1, ¶5). Plaintiff does not challenge diversity of

citizenship.

3. Having considered the parties submissions and the relevant legal authority, this Court finds that its jurisdiction over this matter is proper. Accordingly, Plaintiff's motion to remand is DENIED.

4. Diversity jurisdiction exists in "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different states." 28 U.S.C. § 1332(a)(1). A defendant invoking federal jurisdiction in a removal petition has the burden of demonstrating that the statutory requirements are met at the time of removal. See Yong Qin Luo v. Mikel, 625 F.3d 772, 776 (2d Cir. 2010). The courts recognize a "rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." Scherer v. Equitable Life Assurance Society of U.S., 347 F.3d 394, 397 (2d Cir. 2003). Defendant removed this action based on the original complaint, in which Plaintiff explicitly demanded $250,000 damages for breach of contract and $500,000 punitive damages. (Complaint, ¶ 15, Wherefore clause pp. 7-8). Accordingly, the record demonstrates the alleged amount in controversy exceeded $75,000 at the time of removal.

5. The Second Circuit has clearly stated that "a plaintiff cannot seek to deprive a federal court of jurisdiction by reducing [his] demand to $75,000 or less once the jurisdictional threshold has been satisfied." Yong Qin Luo, 625 F.3d at 776. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292, 58 S.Ct. 586, 592, 82 L.Ed. 845 (1938) ("The claim, whether well or ill founded in fact, fixes the right of the defendant to remove, and the plaintiff ought not to be able to defeat that right and bring the cause back to the state court at his election."). A party challenging jurisdiction must

establish "'to a legal certainty' that the amount recoverable does not meet the jurisdictional threshold." Scherer, 347 F.3d at 397 ("The legal impossibility of recovery must be so certain as virtually to negative the plaintiff's good faith in asserting the claim.") (citations omitted)); Yong Qin Luo, 625 F.3d at 776 ("unless the law gives a different rule, the sum claimed by plaintiff controls if the claim is apparently made in good faith"); see Wolde-Meskel v. Vocational Instruction Project Community Services, Inc., 166 F.3d 59, 63 (2d Cir. 1999) (finding no argument presented that the damages demanded in the complaint were made in bad faith to feign jurisdiction). Plaintiff's bare assertion that the amount in controversy no longer exceeds $75,000, as allegedly demonstrated by his "Supplemental Demand in the amount of $74,000.00" falls short. (Remand Memorandum, DN 66-4, p. 4, 5).

6. Moreover, Plaintiff's argument that this court is obligated to remand the case pursuant to 28 U.S.C. § 1447(c) is misplaced. (Remand Memorandum, p. 5). Although the statute requires a district court to remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction," it does not abrogate the rule that a district court cannot be stripped of its properly established jurisdiction by post-removal reductions in the amount in controversy. Yong Qin Luo, 625 F.3d at 776; Purple Passion, Inc. v. RCN Telecom Servs., Inc., 406 F.Supp.2d 245, 246–47 (S.D.N.Y. 2005) (discussing at length the strong weight of authority and policy reasons for the traditional rule; granting plaintiff's motion to amend complaint to reduce damages amount to $74,000 but denying application for remand to state court).

7. Therefore, Defendant "was entitled to invoke the jurisdiction of the federal court and [Plaintiff's] reduction of the amount claimed after removal, [does] not take

away that privilege." St. Paul Mercury, 303 U.S. at 296. For the foregoing reasons, Plaintiff's motion is DENIED.

\* \* \* \* \* \* \*

IT HEREBY IS ORDERED that Plaintiff Rodriguez's Motion to Remand (Docket No. 66) is DENIED.

SO ORDERED.

Dated: March 30, 2015
       Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                  Senior United States District Judge