UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RAYMOND A. RODRIGUEZ,
                      Plaintiff,

    v.                                     DECISION AND ORDER
                                                             12-CV-340S
ALLSTATE INDEMNITY COMPANY,
                      Defendant.

---

## I. INTRODUCTION

Plaintiff Raymond Rodriguez, a citizen of New York, commenced this action against Defendant Allstate Indemnity Company ("Defendant"), a citizen of Illinois, on March 7, 2012, in New York State Supreme Court, Erie County.[1] Defendant removed the case to this Court on April 19, 2012, pursuant to 28 U.S.C. § 1446, on the basis of Diversity Jurisdiction. 28 U.S.C. § 1332. Plaintiff alleges that Defendant breached Plaintiff's homeowner's insurance policy by failing to timely pay for Plaintiff's loss when the insured property was damaged in a fire. (Amended Complaint ¶13, Docket No. 31). Plaintiff demands damages in excess of $250,000. (Id. at ¶15) Presently before the Court is Defendant's motion for Summary Judgment, filed on August 27, 2014. (Docket No. 70).

This Court has jurisdiction under 28 U.S.C. § 1332, as the parties are citizens of different states and the amount in controversy requirement has been met. (See Docket No. 75). The Court took the motion under advisement without oral argument. For the

---

[1] The parties agree that New York substantive law governs this case. (Memorandum p.4; Opposition p.3). Federal Ins. Co. v. American Home Assurance Co., 639 F.3d 557, 566 (2d Cir. 2011) ("where the parties agree that New York law controls, this is sufficient to establish choice of law")

1

reasons discussed below, Defendant's motion is GRANTED. Plaintiff's Amended Complaint (Docket No. 31) is DISMISSED.

## II. BACKGROUND[2,3]

**A.   Facts**

Plaintiff owns the property at 349 Ingham Avenue, Lackawanna, New York. ("Property") (Def. Stmt. ¶¶2,4), which was damaged by fire on March 25, 2011. (Def. Stmt. ¶5). The Property consists of a two story building with a bar on the first floor and living quarters on the second floor. (Def. Stmt. ¶6). Plaintiff resided at the Property until 2009, when he moved to his current primary residence on Marilla Street in Buffalo, New York ("Marilla Street"). (Def. Stmt. ¶¶8-10). At the time of the fire, the first floor of the Property was vacant, and a tenant lived on the second floor. (Def. Stmt. ¶¶12,13).

Through his insurance agent, Aldo Canestrari (Cercone Decl., ¶25), Plaintiff entered into a contract of insurance ("Policy") with Defendant to cover the Property, which he renewed for the period of October 19, 2010 to October 19, 2011. (Def. Stmt. ¶¶1,2). As a condition of coverage, the Policy required that Plaintiff reside at the Property. (Cercone Decl. Exh. A, Deluxe Policy Form AP909 at pp. 2,3,4,6; found at Docket No. 70-4, beginning on page 50 of 81). The Policy defines the "**insured premises**" as, *inter alia*:

---

[2] The parties' submissions in support of and in opposition to the instant motion, include:
(1) Defendant's Statement of Facts on Motion for Summary Judgment Pursuant to Local Rule 56(a)(1) ("Def. Stmt.") (Docket No. 70-1); the Declaration of Marco Cercone ("Cercone Decl.") (Docket No. 70-3) and attached exhibits (Docket Nos. 70-4 to 70-11); Memorandum of Law in Support of Defendant's Motion for Summary Judgment ("Memorandum") (Docket. No 70-2); Reply Memorandum of Law in Further Support of Defendant's Motion for Summary Judgment ("Reply") (Docket No. 74).
(2) Plaintiff's Memorandum of Law in Opposition to Defendant's Second Motion for Summary Judgment ("Opposition") (Docket No. 72) and attached exhibits (Docket Nos. 72-1 to 72-8), including Affidavit of Raymond Rodriguez ("Plaintiff Aff.") and Affidavit of Thomas P. Hurley, Esq. ("Hurley Aff.").

[3] The Court accepts Defendant's Statement of Facts in its entirety, having found that the statements are supported by evidentiary proof in admissible form. See W.D.N.Y. Local Rule 56(a). Plaintiff adopts the facts in Defendant's Statement. (Hurley Aff. ¶3; Docket. No. 72-8). References to Defendant's Statement include materials cited therein and annexed thereto.

"**residence premises**," which in turn is defined as the "**dwelling**, other structures and land located at the address stated on the Policy Declarations." (Id. at p.3).

Further, "**dwelling**" means:

> a "one, two, three or four family **building structure**, identified as the insured property on the Policy Declarations, where **you** reside and which is principally used as a private residence." (Id. at p.4).

Additionally, the Policy requires Plaintiff to notify Defendant of any change in use of the Property, specifically, to inform Defendant if the Property is no longer his primary residence. (Id.). The policyholder must:

> "pay the premium when due and comply with the policy terms and conditions, and inform **us** of any change in title, use or occupancy of the **residence premises**." (Id.)

The Policy explicitly defines "**us**" as Allstate:

> "**Allstate**," "**We**," "**Us**," or "**Our**" – means the company named in the Policy Declarations. (Id. at p.2)

In contrast, in a notice of loss provision, the Policy states:

> "In the event of a loss to any property that may be covered by this policy, **you** must … promptly give **us** or **our** agent notice." (Id. at p.17).

Plaintiff acknowledges the residency and notice requirements. (Plaintiff Aff. ¶¶3-5).

### III. DISCUSSION AND ANALYSIS

Plaintiff claims that Defendant breached the Policy by failing either to timely pay for Plaintiff's loss from the fire or to disclaim coverage for the loss. (Amended Complaint ¶¶13-14). Defendant moves for summary judgment on the grounds that Plaintiff is not entitled to coverage for his loss because he did not reside at the Property at the time of the fire, as required by the unambiguous terms of the Policy. (Memorandum p.2). Plaintiff opposes the motion, arguing that a genuine issue of material fact exists regarding whether Defendant was on notice that he had changed his primary residence

3

to Marilla Street. (Opposition p.4). For the reasons discussed below, Defendant's motion is GRANTED.

**A.     Summary Judgment Standard**

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue of material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

In deciding a motion for summary judgment, the evidence and the inferences drawn from the evidence must be "viewed in the light most favorable to the party opposing the motion." Adickes v. S.H. Kress and Co., 398 U.S. 144, 158-59, 90 S.Ct.1598, 1609, 26 L.Ed.2d 142 (1970). A mere scintilla of evidence in favor of the nonmoving party, however, will not defeat summary judgment. Anderson, 477 U.S. at 252. A nonmoving party must do more than cast a "metaphysical doubt" as to the material facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Rather, it must "offer some hard evidence showing that its version of the events is not wholly fanciful." D'Amico v. City of N.Y., 132 F.3d 145, 149 (2d Cir. 1998).

Vague assertions supported only by self-serving statements in the nonmoving party's affidavit are insufficient to defeat a properly supported summary judgment motion. Western World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118, 121 (2d Cir. 1990) (non-movant cannot "escape summary judgment merely by vaguely asserting the existence of some unspecified disputed material facts"); Scotto v. Almenas, 143 F.3d

105, 114 (2d Cir. 1998) ("non-moving party may not rely on conclusory allegations or unsubstantiated speculation"). Rather, "the non-movant must produce *specific facts* indicating that a genuine factual issue exists." Wright v. Coughlin, 132 F.3d 133, 137 (2d Cir.1998) (emphasis added).

The ultimate inquiry on a summary judgment motion is whether any reasonable jury could find that Plaintiff's evidence meets the requisite burden of proof. Amnesty America v. Town of West Hartford, 361 F.3d 113, 122–23 (2d Cir. 2004); Brady v. Town of Colchester, 863 F.2d 205, 210–11 (2d Cir. 1988) (even for claims governed by state law, "the evidentiary burdens that the respective parties will bear at trial guide district courts in their determination of summary motions"). To that end, "in cases where the nonmovant will bear the ultimate burden of proof at trial on an issue, the moving party's burden under Rule 56 will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim." Brady, 863 F.2d at 210–11 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322–26, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)); see Crawford v. Franklin Credit Mgmt. Corp., 758 F.3d 473, 486 (2d Cir.2014). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp., 477 U.S. at 323.

**B.    Plaintiff did not reside at the Property as required by the Policy**

As a condition of coverage, the unambiguous terms of the Policy required Plaintiff to reside at the Property. (Deluxe Policy Form AP909 at pp.2,3,4,6). New York courts consistently uphold residency requirements as necessary conditions of coverage when the policy issued was intended to cover the insured's actual residence. See Marshall v Tower Ins. Co. of N.Y., 44 A.D.3d 1014, 1015, 845 N.Y.S.2d 90 NY (2d Dept.

5

2007); <u>Madera v Allstate Ins. Co.</u>, 12 Misc.3d 1162(A), 819 N.Y.S.2d 210 (Sup. Ct. Kings Co. May 31, 2006). Indeed, Plaintiff disputes neither the Policy's residency requirement, nor that his residence was Marilla Street at the time of the fire. (Opposition p.4).

Plaintiff contends, however, that Defendant was on notice that he no longer resided at the Property because (i) he allegedly informed his agent, Canestrari, that Marilla Street was his new residence, and (ii) he entered into a separate contract of insurance with Defendant to cover Marilla Street as a primary residence. (Opposition p.4). Thus, Plaintiff asserts that the burden to change the Policy shifted to Defendant, and a genuine issue of material fact exists precluding summary judgment. (Opposition pp.2,5; Hurley Aff. ¶4).[4]

Defendant contends that the Policy language is dispositive on the notice issue because the relevant provision unambiguously requires the policyholder to "inform **us** of any change in title, use or occupancy;" therefore, because the Policy defines "**us**" as Allstate, notice to an agent is insufficient. (Memorandum pp.17-20). Other provisions in the Policy permit notice to "**us** or **our** agent," which Defendant argues further distinguishes between notice directly to Defendant and notice to an agent. (<u>Id.</u>). The record demonstrates, however, that Plaintiff could notify his "Allstate representative" with respect to correct address information for renewing the Policy. (Cercone Decl.

---

[4] Yet, in violation of W.D.N.Y. Local Rule 56(a), Plaintiff failed to file a statement of disputed facts in opposition to Defendant's Rule 56 statement. Loc. Civ. R. 56(a)(3). While the Court "is not required to consider what the parties fail to point out" in their Local Rule 56 statements, "it may in its discretion opt to 'conduct an assiduous review of the record' even where one of the parties has failed to file such a statement." <u>Holtz v. Rockefeller & Co., Inc.</u>, 258 F.3d 62, 73 (2d Cir. 2001).

Exh. A, "Important Notice"; found at Docket No. 70-4, p.10 of 81).[5] Thus, the case does not necessarily end here. Where it ends is with Plaintiff's complete dearth of proof.

Plaintiff's argument relies on a statement in his attorney's affidavit that Plaintiff informed Canestrari about his move to Marilla Street. (Opposition, p.7; Hurley Aff. ¶11). This inadmissible hearsay is not based on the attorney's personal knowledge and cannot properly support Plaintiff's Opposition. See Fed.R.Civ.P. 56; Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988) ("hearsay affidavit is not a substitute for the personal knowledge of a party"). Significantly, Plaintiff's own affidavit does not state that he told Canestrari. Instead, Plaintiff's glaringly vague assertions do not suggest when, how, or to whom he gave notice. He claims:

> "There came a time when I moved out of [the Property] and it was no longer my primary residence, however, I put defendant, Allstate, on notice of the change of use on the premises." (Plaintiff Aff. ¶5).

> "Furthermore, not only did I inform the defendant that I would be moving out of [the Property], I took out a new insurance policy on my present address of [Marilla Street]." (Plaintiff Aff. ¶6).

Such self-serving statements are insufficient to defeat a properly supported summary judgment motion. Western World Ins., 922 F.2d at 121.

Canestrari's testimony is equally equivocal. He does not recall if Plaintiff even resided at the Property (Canestrari Dep. p.22) or whether he knew that Plaintiff was moving to Marilla Street (Id. at p.23). Nor does Canestrari recall receiving any notice of the change in use of the Property. (Id. at pp.24,25). Likewise, Canestrari has no recollection about whether he attempted to determine what changes to the Policy, if any, would be appropriate if a tenant resided at the Property. (Id. at p.25). No

---

[5] The "Important Notice" states: "Please confirm your current address … We ask that you please review this information to make sure the address we've listed above is accurate. If you see any information that is incorrect, please contact your Allstate representative as soon as possible and provide the correct information."

reasonable jury could find that this testimony supports Plaintiff's argument that he gave Canestrari notice in any form.

Unmistakably, Plaintiff's primary residence has been Marilla Street since 2009 (Def. Stmt. ¶¶9,11). Nevertheless, documents in the record demonstrate that the Policy renewal information was sent to Plaintiff at the Property, sometime on or after August 30, 2010, and before the Policy took effect on October 19, 2010. (Cercone Decl. Exh. A, cover letter with Policy; found at Docket No. 70-4, p.2 of 81).[6] Whether or not the existence of a second primary residence policy for Marilla Street is sufficient to put Defendant on notice of the change in use of the Property, the only reasonable inference to be drawn from the Policy renewal documents is that at the time they were sent to Plaintiff, Defendant's and Canestrari's records indicated the Property was Plaintiff's primary residence. (Id.). Ultimately, the duty rests on the insured to confirm that his policy information is accurate. See Precision Auto Accessories, Inc. v. Utica First Ins. Co., 52 A.D.3d 1198, 1201 (4th Dept. 2008) (holding that plaintiff was bound by misrepresentations in his insurance application, even if they were the result of the negligence of his or defendant's agents). Plaintiff's affidavit is entirely bare regarding when (and again, how, and to whom) he gave the alleged notice, and he has otherwise failed to provide even a scintilla of "hard evidence showing that [his] version of the events is not wholly fanciful" to warrant dismissal of Defendant's motion. D'Amico, 132 F.3d at 149.

---

[6] The cover letter from Canestrari to Plaintiff accompanying the renewal policy information lists Plaintiff's residence as that of the Property, 349 Ingham Avenue, and has a footer which states "information as of August 30, 2010."

**C.     Plaintiff's Alleged Missing Insurance Records**

Subsequent to Plaintiff's insurance claim, Canestrari ceased to be affiliated with Defendant, and his client files were divided between two other local Allstate agencies. (See Opposition p.6).  Defendant revealed that neither agency possesses a paper file for Plaintiff from Canestrari's agency.  (Id.; see Reply pp.6-7).  Although Plaintiff had the opportunity during discovery to subpoena and depose the other Allstate agents to whom an existing file would have been sent, he did not.  (Cercone Decl. ¶¶25,26; see also Docket No. 64-2 (letter from Cercone to Hurley regarding file and possibility of additional time to subpoena other agents)).

Consequently, Plaintiff cunningly argues that Defendant's failure to produce his insurance file is in bad faith, violates New York State insurance laws, and creates a genuine issue of material fact for trial.  (Opposition pp.6-7).  Plaintiff's assertion that such a file even exists is mere speculation, as he claims no personal knowledge of it. (See Opposition pp.5-6; see generally Plaintiff Aff.).  Similarly, Canestrari has no recollection of anything more than a file containing Plaintiff's initial insurance application.  (Canestrari Dep. p.11).  Canestrari's testimony regarding general recordkeeping practices in his office is ambiguous at best on the issue of whether he would have included notes about updated information in any client's paper file, as opposed to entering it directly into his agency's computer system.  (Id. at pp.20-21).

Plaintiff cannot "escape summary judgment merely by vaguely asserting the existence of some unspecified disputed material facts ... or defeat the motion through mere speculation or conjecture." Aetna Cas. and Sur. Co. v. Aniero Concrete Co., Inc., 404 F.3d 566, 574 (2d Cir. 2005) ("a bare assertion that the evidence supporting a plaintiff's allegation is in the hands of the defendant is insufficient").  Accordingly, the

9

Court does not find that the alleged "missing file" creates a genuine issue of material fact to overcome summary judgment.

**D.    Alleged Violation of New York Insurance Law**

To the extent that Plaintiff's claim can be read as a violation of any New York Insurance Law, he points to no section in his Amended Complaint or Opposition to put either Defendant or this Court on notice of his specific claim.  See Fed. R. Civ. P. Rule 8(a).

### IV.  CONCLUSION

It is undisputed that Plaintiff did not reside at the Property at the time of the fire in violation of the Policy's unambiguous terms.  Moreover, Plaintiff has offered nothing admissible to support his bare assertion that he "notified Defendant" of the change in use of the Property in order to shift the burden of rewriting the Policy to Defendant. Accordingly, the Court finds a complete lack of proof on which a factfinder could reasonably find for Plaintiff.  For these and the reasons stated above, Defendant's Motion is GRANTED.

### V.  ORDERS

IT HEREBY IS ORDERED, that Defendant Allstate's Motion for Summary Judgment (Docket No. 70) is GRANTED.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.


Dated:   June 19, 2015
         Buffalo, New York

                                    /s/William M. Skretny
                                   WILLIAM M. SKRETNY
                                   United States District Judge